# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MELINDA JOHNSON,** ) | **CASE NO. 1:07 CV2924** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY** ) | **Magistrate Judge David S. Perelman** |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David S. Perelman (Document #18). On September 25, 2007, Plaintiff, Melinda Johnson, filed her Complaint in this case challenging the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The case was referred to Magistrate Judge David S. Perelman for a Report and Recommendation.

On February 4, 2009, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge recommends that the final decision of the Commissioner of Social Security denying Plaintiff's request for Supplemental Security Income be upheld. Based upon a thorough review of all of the items of record in this case, the Magistrate Judge concluded that the ALJ's

interpretation of the evidence was not beyond his "zone of choice" as the trier of the facts.

Objections to the Report and Recommendation were due February 18, 2009. No objections were filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Perelman (Docket #18.)  The ALJ's decision denying Plaintiff's claim for Supplemental Security Income benefits is hereby AFFIRMED.

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 24, 2009